# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARON ONTIVEROS,<br><br>                                  Plaintiff,<br>   vs.<br><br>MATTHEW CATE, Secretary<br>                                Defendant. | CASE NO. 09cv1503-JAH (CAB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 10] |

## I. INTRODUCTION

Haron Ontiveros ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). Respondent Matthew Cate ("Respondent") moves to dismiss the Petition as barred by the applicable statute of limitations. For the reasons that follow, the undersigned Magistrate Judge recommends that Respondent's motion be **GRANTED** and the Petition be dismissed with prejudice.

## II. FACTS

Following a jury trial, Petitioner was convicted of first-degree murder and conspiracy to commit murder. (Cal. Penal Code § 187(a)(1); 187, 487 (a).) (Lodgment No. 3 at 1.) The jury also found true the special circumstance allegations that the murder was committed for financial gain and while lying in wait. (Cal. Penal Code § 190.2(a)(1), 190.2(a)(15).) (*Id.*) On April 2, 2004, Petitioner was sentenced to life in prison without the possibility of parole for the murder conviction, plus a concurrent term of 25 years to life for the conspiracy conviction. (*Id.*)

Petitioner timely appealed his conviction to the California Court of Appeal. (Lodgment No. 1.) On June 23, 2006, the court of appeal affirmed the judgment in an unpublished opinion. (Lodgment No. 3.) On July 31, 2006, Petitioner filed a petition for review in the California Supreme Court. (Lodgment No. 4.) The court denied review on September 13, 2006.[1] (Lodgment No. 5.) Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. (Pet. at 3.)

Petitioner then initiated habeas corpus review in the California courts. First, Petitioner filed a petition for writ of habeas corpus in the state Superior Court on August 14, 2008. (Lodgment No. 6 at 2.) Petitioner alleged that: (1) his conviction was obtained as the result of a police investigation conducted in violation of his right to counsel; (2) questioning continued after Petitioner stated he wished to consult with a lawyer; (3) appellate counsel was ineffective for failing to notify Petitioner that his petition for review was denied by the California Supreme Court; (4) trial counsel was of ineffective assistance because his attorney failed to conduct a reasonable pre-trial investigation and failed to argue dismissal of unfair and prejudicial evidence because of counsel's failure to investigate forensic and DNA evidence that would have exonerated Petitioner; (5) the prosecution relied on illegally obtained evidence and thus made material misstatements of fact; (6) there was insufficient evidence to support a guilty verdict; and (7) the jury was improperly provided with additional instructions during deliberations. (*Id*.)  On September 11, 2008, the petition was denied on the merits. (Lodgment No. 6.) On November 3, 2008, Petitioner filed a petition for writ of habeas corpus in the state appellate court, alleging the same grounds. (Lodgment No. 7.) The petition was denied November 25, 2008. (Lodgment No. 8.) On October 16, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising the same claims. (Lodgment No. 9.) The petition was denied June 10, 2009. (Lodgment No. 10.)

///

---

[1] Respondent's Memorandum of Points and Authorities in Support of Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 10-1) represents that the California Supreme Court denied his petition on September 12, 2006. Thus, Respondent incorrectly argued that the conviction became final on December 12, 2006.

- 2 -

On July 2, 2009, Petitioner filed his federal Petition for Writ of Habeas Corpus in this Court.[2] (Doc. No. 1 at 76.)[3]

### III.  DISCUSSION

The Petition is barred by the applicable statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA applies to all § 2254 habeas corpus petitions filed after April 24, 1996.  *Smith v. Robbins*, 528 U.S. 259, 268 (2000).  Petitioner filed his federal habeas Petition on July 2, 2009.  Therefore the AEDPA statute of limitations applies.  The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

When a petitioner fails to seek writ of certiorari from the United States Supreme Court, the AEDPA's one-year statute of limitations period begins to run ninety days from entry of the order denying review in the state's highest court—at the conclusion of the time allowed by the Supreme Court for filing such a writ. *Wixom v.* Washington, 264 F.3d 894, 897 (9th Cir. 2001); *Brown v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Thus, Petitioner's conviction became final so as to commence running of the one-year limitations period for filing a federal habeas petition on December 13, 2006.

///

---

[2] Respondent states that the petition was filed on July 10, 2009.  Because Petitioner is incarcerated and proceeding pro se, the mailbox rule applies.  Under the mailbox rule, a pro se prisoner's filing of a federal habeas petition is deemed filed when the petition is delivered to prison officials for mailing to the district court. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

[3] Citations to page numbers refer to the page number assigned by the CM/ECF system.

The present Petition was filed July 2, 2009, thirty months after the statute of limitations period began to run.  Moreover, Petitioner is not entitled statutory tolling under 28 U.S.C. § 2244 (d)(2).  Additionally, Petitioner is not entitled to equitable tolling.  He also does not argue any other grounds for tolling: that there were state impediments to his filing a petition in federal court; that his claims depend on a new or recently recognized constitutional right; or that the factual predicate of his claims was unknown before the limitations period expired.  Therefore, his Petition must be dismissed.

### A. Statutory Tolling

Petitioner is not entitled to statutory tolling because he did not file a habeas petition in state court prior to expiration of the federal limitations period.  The statute of limitations may be tolled for those periods of time during which a properly filed application for state post-conviction or other collateral review, with respect to pertinent judgment or claim, is pending in the state court. 28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled, however, during the interval between the date on which a judgment becomes final and the date on which a petitioner files his first collateral challenge.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, Petitioner initiated his first round of habeas corpus petitions in state court on August 14, 2008.  (Lodgment 6 at 2.)  The one-year limitations period expired eight months before that date.  In order to receive any statutory tolling of the federal limitations period, Petitioner needed to properly file for state habeas relief prior to December 13, 2007.  *See Jimenez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner did not seek any post-conviction relief between December 13, 2006, and December 13, 2007, thus making him ineligible for any statutory tolling.

### B. Equitable Tolling

Petitioner has not shown that he is entitled to equitable tolling.  The AEDPA's statute of limitations period may be subject to equitable tolling.  *Calderon v. United States Dist. Court* ("*Beeler*"), 128 F.3d 1283, 1288 (9th Cir. 1997).  Equitable tolling, however, is only available where "extraordinary circumstances" beyond the prisoner's control make a timely filing impossible.  *Id*. (*citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Courts must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Id*. at 1289.  Thus, equitable tolling

will not be available in most cases. *Id*. at 1288. To receive equitable tolling, Petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Determining whether equitable tolling is warranted requires a 'fact-specific inquiry.' *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

### 1. Diligence

Petitioner claims that he diligently looked into the status of his petition for review with the California Supreme Court. (Petr.'s Opp. to Deft.'s Mot. to Dismiss at 16.) Petitioner, however, did not write to the California Supreme Court to inquire about the status of his petition until July 29, 2008, well after the one year statute of limitations expired. (Pet., Ex. 4.) The record also shows that Petitioner first wrote to his appellate attorney regarding the status of his appeal with the California Supreme Court on November 4, 2007. (Pet., Ex. 2 at 61.) This inquiry was not made until more than a year after his petition for review was filed. Petitioner's next letter to his appellate attorney is dated January 8, 2008. (*Id*. at 62.) This letter did not seek information about his case, but rather requested that in light of the fact that his appellate counsel was no longer involved in his case, he wanted his legal materials mailed to Ms. Martha De La Torres. (*Id*.) On June 16, 2008, Petitioner sent his appellate attorney one more letter inquiring into the status of his petition for review with the California Supreme Court. (Pet., Ex. 2 at 63.) Notably, there is a sizeable gap—over seven months—between Petitioner's first and last letter requesting information about the status of his case.

In addition to the letters Petitioner sent to his appellate counsel regarding the status of his case, Petitioner claims that he also attempted to place collect calls to the attorney. (Petr.'s Opp. to Deft.'s Mot. to Dismiss at 14.) Petitioner does not identify the dates he made calls, reference the number of times he attempted to call counsel, or the phone number he placed his calls to. Although Petitioner never spoke to appellate counsel, he claims that his daughter spoke with her "several times" and was informed that patience was required. (*Id*. at 15.) Again, Petitioner does not identify any dates for these phone calls and none of the letters included as exhibits refer to

these conversations.  Lastly, Petitioner claims that his mother spoke to the attorney in January, 2007, and allegedly was told that his case was still in the courts.  (*Id*.)  The lack of specificity regarding these alleged conversations does not persuade the Court that Petitioner exercised reasonable diligence.

These inquires do not demonstrate the diligence necessary to warrant equitable tolling. Petitioner was hardly diligent in his effort to stay apprised of the status of his petition for review because he did not make any attempts to write his appellate attorney for more than a year after his petition for review was filed.  Furthermore, Petitioner states that he "was being very patient" with his appellate attorney.  Patience, however, is not the same as diligence.  Significantly, the record shows that Petitioner was not reasonably diligent in pursuing the status of his case with the California Supreme Court.  Petitioner offers no explanation for not writing the California Supreme Court prior to July 29, 2008; especially since he had not heard from his attorney since she filed his petition for review in July of 2006.

### 2.    **Extraordinary Circumstances**

Even assuming *arguendo* that Petitioner exercised the requisite diligence during the relevant time period, Petitioner has not established the necessary extraordinary circumstances to permit equitable tolling.  Petitioner's primary argument for equitable tolling is that neither his appellate attorney, nor the California Supreme Court notified him when his petition for review was denied.  The petition was filed with the California Supreme Court on July 31, 2006, and denied review September 13, 2006.  Nothing in the record suggests that counsel or the California Supreme Court prevented Petitioner from filing his federal habeas petition on time.  Although Petitioner's counsel did not notify him when his petition for review was denied, this does not constitute an extraordinary circumstance that justifies equitable tolling.

The Ninth Circuit has repeatedly stated that "ordinary attorney negligence will not justify equitable tolling."  *See Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).  Even in cases where counsel miscalculates the date for filing a petition for review, courts have not tolled the limitations period.  *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007) (holding attorney miscalculation does not warrant equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel"); *see also Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.

2002); *Harris v. Hutchinson*, 209 F.3d 325, 329-331 (4th Cir. 2000).  Moreover, the record in this case indicates that Petitioner knew that Ms. Grove would "no longer be involved in [his] case" after she filed a petition for review in the California Supreme Court.  (Pet., Ex. 2 at 62.)  Finally, there are no allegations of affirmative attorney misconduct.  Petitioner's allegations are limited to Ms. Grove's failure to communicate with him.  Assuming counsel's failure to communicate constitutes negligence, it does not rise to the level of egregious attorney misconduct that might entitle Petitioner to equitable tolling.

Similarly, the Court is not persuaded that the California Supreme Court's failure to notify Petitioner that his petition for review was denied warrants equitable tolling.  Although there are instances where a state court's failure to notify a litigant of its decision on a petition for review will warrant equitable tolling, the facts of this case do not meet the necessary threshold.  *See Woodward v. Williams,* 263 F.3d 1135 (10th Cir. 2001) (holding that lack of knowledge of state court decision may provide basis for equitable tolling when prisoner acts diligently); *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000) (holding that when prisoner diligently seeks information about the status of his case, the limitations period may be equitably tolled until he receives notice of its denial)*; Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).

Here, Petitioner presents no evidence that he asked the California Supreme Court—before the limitation period for filing his federal habeas petition had run—to directly provide him with notice of the decision on his appeal.  When Petitioner finally asked the California Supreme Court to provide him with information about the status of his appeal, the court promptly responded.  (Pet., Ex. 4 at 72-74.)  Unfortunately, Petitioner waited until well after the limitations period expired before he initiated any communication with the California Supreme Court.  Furthermore, there is no evidence that the California Supreme Court assured Petitioner that he would be directly notified as soon as a decision was made.  *See Knight,* 292 F.3d at 711.  Far from indicating diligence, Petitioner merely mailed one letter to the California Supreme Court and that one letter was not mailed until July 30, 2008—two years after his petition for review was initially filed.  (Pet. Ex. 1.)  Based on the facts of this case and the record before the Court, equitable tolling is not warranted based on the California Supreme Court's failure to notify Petitioner.

1     Petitioner further argues that he was "hampered in the filing of his writ of habeas corpus"
2  due to his lack of [E]nglish proficiency and the fact that his prison law library does not provide
3  AEDPA rules and regulations in Spanish. (Petr.'s Opp. to Deft.'s Mot. to Dismiss at 8.) He also
4  claims that he did not have access to translation assistance until he received a bilingual cell-mate
5  in July, 2008. (Petr.'s Opp. to Deft.'s Mot. to Dismiss at 13.)
6     The record, however, shows that on November 4, 2007, Petitioner sent a letter to his
7  appellate attorney in English. (Pet., Ex. 2 at 61.) On January 1, 2008, Petitioner authored another
8  letter to his appellate attorney in English. (*Id*. at 62.) In this letter Petitioner specifically
9  acknowledges that following filing the request for review with the California Supreme Court, his
10 appellate attorney will "no longer be involved in [the] case." (*Id*.) Additionally, on June 16, 2008,
11 Petitioner composed another letter to his appellate attorney. (*Id*. at 63.) The Court finds
12 Petitioner's argument that he was unable to seek timely habeas relief due to his lack of proficiency
13 in English unpersuasive because Petitioner's own evidence indicates that Petitioner was capable of
14 and did communicate in English. Moreover, all of the letters were dated prior to when Petitioner
15 claims he received a bilingual cell-mate. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir.
16 2006) (reasoning "that a petitioner who demonstrates proficiency in English or who has the
17 assistance of a translator would be barred from equitable relief") (citing *Cobas v. Burgess*, 306
18 F.3d 441, 444 (6th Cir. 2002)). The record does not support Petitioner's argument that a language
19 barrier hampered him from communicating with the California Supreme Court prior to July 29,
20 2008, or filing a timely federal habeas petition. Accordingly, the Court finds that equitable tolling
21 is not warranted.
22    For the reasons stated above, the Petition is untimely and must be dismissed. The Petition
23 is dismissed with prejudice. *See Jiminez v. Rice*, 276 F.3d 478, 483 (9th Cir. 2001) (dismissal with
24 prejudice appropriate where the petition is barred by the AEDPA statute of limitations).

### IV. CONCLUSION AND RECOMMENDATION

26    Having reviewed the matter, the undersigned Magistrate Judge recommends that
27 Respondent's Motion to Dismiss be **GRANTED** and the Petition be dismissed with prejudice.
28 This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United

1  States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

2  **IT IS ORDERED** that no later than **May 3, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED.**

DATED: April 2, 2010

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**