UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARON ONTIVEROS,<br><br>   Petitioner,<br>v.<br>MATTHEW CATE, Secretary,<br><br>   Respondent. | Civil No. 09CV1503 JAH (CAB)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S MOTION TO DISMISS; AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

**INTRODUCTION**

Petitioner, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence before the state court. Respondent, in lieu of an answer, filed a motion to dismiss the petition as untimely. The Honorable Cathy Ann Bencivengo, United States Magistrate Judge, issued a report and recommendation, recommending that respondent's motion to dismiss be granted and the petition be dismissed with prejudice. Petitioner filed objections to the magistrate judge's report and recommendation. After a careful consideration of the pleadings and relevant exhibits submitted by the parties along with the magistrate judge's report, and for the reasons set forth below, this Court OVERRULES petitioner's objections, ADOPTS the magistrate judge's report, GRANTS respondent's motion to

dismiss and DISMISSES the instant petition with prejudice as untimely.

## BACKGROUND[1]

On October 23, 2003, a jury found petitioner guilty of first degree murder and conspiracy to commit murder. The jury also found true special circumstance allegations that the murder was committed for financial gain and while lying in wait. Petitioner was sentenced, on April 2, 2004, to life in prison without the possibility of parole for the murder conviction and a concurrent term of twenty-five years to life for the conspiracy conviction. Petitioner appealed his conviction to the California Court of Appeal and, on June 23, 2006, the California Court of Appeal affirmed the conviction. Petitioner subsequently filed a petition for review before the California Supreme Court, which was denied on September 13, 2006.

Petitioner filed a petition for writ of habeas corpus before the California Superior Court on August 14, 2008, which was denied on its merits on September 11, 2008. On November 3, 2008, petitioner filed a habeas corpus petition before the California Court of Appeal, which was denied on November 25, 2008. Petitioner also filed, on October 16, 2009, a petition for writ of habeas corpus before the California Supreme Court, which was denied on June 10, 2009. Petitioner did not seek a writ of certiorari before the United States Supreme Court.

The instant petition was filed on July 2, 2009. Respondent filed a motion to dismiss the petition on October 28, 2009. Petitioner filed a response to the motion on November 25, 2009. The magistrate judge issued a report and recommendation on April 2, 2010. Petitioner filed his objections to the magistrate judge's report on June 1, 2010. Petitioner also filed supplemental lodgments in support of his objections on June 7, 2010.

//

---

[1] Petitioner does not object to the factual findings presented by the magistrate judge. *See* Doc. # 25 at 2-4. However, petitioner does present additional facts not included in the magistrate judge's factual background and submits evidentiary support for those facts. *See* id. This Court incorporates those facts, as well as those presented by the magistrate, that are deemed relevant to the issues presented in the instant motion.

# DISCUSSION

## 1. Legal Standard

### a. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, Section 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

### b. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[2] 28 U.S.C. § 2244(d)(1)(A).

AEDPA's statute of limitation is subject to statutory tolling which tolls the statute during the time a properly filed state habeas corpus petition is pending in the state court. 28 U.S.C. § 2244(d)(2). Provided the petitions were properly filed and pending, the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A state habeas petition determined to be untimely is not considered pending or properly filed for statutory tolling purposes. Carey v. Saffold, 536 U.S. 214, 223-26 (2002); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).

---

[2] In the Ninth Circuit, the period of "direct review" includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari regardless of whether the petitioner seeks such review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

AEDPA's statute of limitations is also subject to equitable tolling. *See* Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling is generally appropriate where a petitioner demonstrates two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000)). The Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)). The burden is on the petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

**2.    Analysis**

In the report, the magistrate judge determined that petitioner's conviction became final on December 13, 2006, ninety days after the entry of the order denying petitioner's direct review before the California Supreme Court, thereby commencing the statute of limitations to begin to run on that day. Doc. # 19 at 3. The magistrate judge then found that the instant petition, filed thirty months after the statute of limitations began to run was untimely absent tolling and determined petitioner was not entitled to either statutory or equitable tolling. Id. at 4-5. In addition, the magistrate judge noted petitioner presented no arguments regarding state impediments to filing his federal petition nor

arguments concerning lack of knowledge of the factual predicate to his claims prior to the expiration of the statute of limitations.  Id. at 4.

Petitioner presents three specific objections to the magistrate judge's findings and conclusions: (a) the magistrate judge erred in concluding that petitioner failed to raise an argument concerning a state impediment to filing his federal petition; (b) the magistrate judge erred in concluding petitioner is not entitled to equitable tolling because he was diligent and extraordinary circumstances exist; and (c) the magistrate judge erred in failing to grant an evidentiary hearing in regards to the claims presented in the instant petition.[3]

### a.     State Impediment

Petitioner contends, in his objections, that the fact he did not receive "actual notification" of the denial of his petition for review before the California Supreme Court created a state impediment to his filing his federal petition and thus, claims the magistrate judge erred in this regard. *See* Doc. # 25 at 3, 12, 15, 17.  However, the argument concerning actual notification of the California Supreme Court's denial was presented to the magistrate judge in support of petitioner's claim for the application of equitable tolling,[4] not as creating a state impediment to filing. *See* Doc. # 14 at 15-16.  Thus, the magistrate judge correctly found petitioner presented no argument regarding a state impediment to filing.  Accordingly, petitioner's objection to the magistrate judge's conclusion on this issue is OVERRULED.

//
//
//
//

---

[3] Because this Court ultimately finds petitioner has failed to demonstrate the requisite diligence in pursuing his state collateral remedies prior to the expiration of the statute of limitations, this Court need not address  whether extraordinary circumstances were present. *See* Pace, 544 U.S. at 418.  In addition, this Court need not address petitioner's objections regarding the magistrate judge's failure to hold an evidentiary hearing on the merits of petitioner's claims since this Court finds the petition untimely filed.

[4] Insofar as the arguments presented by petitioner relate to the magistrate judge's determination regarding equitable tolling, the arguments will be addressed therein.

### b. Equitable Tolling

The magistrate determined that petitioner is not entitled to equitable tolling of the statute of limitations because he did not sufficiently establish he was diligent in pursuing his state collateral attack nor that extraordinary circumstances stood in his way to filing his federal habeas petition. Doc. # 19 at 5-8 (citing Pace, 544 U.S. at 418).

In regards to diligence, the magistrate judge noted the following facts: petitioner first wrote to his appellate attorney on November 4, 2007, seeking a status of his case but this letter was sent more than a year after his petition for review had been filed. Id. at 5 (citing Pet., Exh. 2 at 61). Petitioner's next letter to his appellate attorney, dated January 8, 2008, did not seek information regarding his case but, instead, requested his legal materials be sent to Ms. Martha De La Torres. Id. (citing Pet., Exh. 2 at 62). Then, on June 16, 2008, petitioner sent another letter seeking status of his appeal to his appellate attorney. Id. (citing Pet., Exh. 2 at 63). Finally, petitioner wrote a letter to the California Supreme Court on July 29, 2008, well after AEDPA's statute of limitations had expired, seeking a status of his petition for review. Id. (citing Pet., Exh. 4 at 72). The California Supreme Court responded to this inquiry, thereby informing petitioner that his petition had been denied on September 13, 2006. Id. (citing Pet., Exh. 4 at 73).

The magistrate judge further noted that petitioner's claims concerning telephonic contact by himself and his family members with his appellate attorney to ascertain the status of his petition for review is not reflected in the record. Id. at 5-6. The magistrate judge explained that petitioner failed to identify the dates such attempts were made or specify how many times he and his family members made attempts to contact his attorney. Id. at 5. The magistrate judge thus found this lack of specificity unpersuasive in regards to petitioner's claim that he exercised reasonable diligence. Id. at 6. The magistrate judge pointed out that petitioner made no attempt to contact his attorney for more than a year after his petition for review was filed and indicates only that petitioner was being "patient" with his attorney. Id. The magistrate judge further pointed out that petitioner did not offer any explanation as to why he did not write to "the California Supreme Court before

July 29, 2008; especially since he had not heard from his attorney since she filed his petition for review in July of 2006." Id.

Although petitioner objects to the magistrate judge's findings and conclusions regarding diligence, he does not address the magistrate judge's findings regarding his lack of diligence prior to receiving notice that his petition for review before the California Supreme Court was denied. *See* Doc. # 25 at 9, 12. Based on this Court's review of the record, and considering petitioner's lack of objections to the magistrate judge's findings and conclusions concerning diligence in pursuing petitioner's collateral attack before the state courts prior to July 2008, this Court agrees with the magistrate judge's determination that petitioner has not demonstrate sufficient diligence to warrant equitable tolling of the statute of limitations prior to July 2008. Therefore, petitioner's objections to the magistrate judge's findings and conclusions in this regard are OVERRULED.

After a careful *de novo* review of the entire record in this matter, this Court finds the magistrate judge's findings and conclusions presented in the report are not clearly erroneous. Accordingly, this Court adopts the magistrate judge's findings and conclusions presented in the report in full.

**3.      Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also* United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are

adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

This Court must decide whether to grant petitioner a certificate of appealability because dismissal of the petition constitutes a "final order adverse to the applicant." Based on this Court's review of the magistrate judge's report, petitioner's objections thereto, and the entire record in this matter, this Court finds that no issues presented herein are debatable among jurists of reason nor could they be resolved in a different manner. This Court further finds that there are no questions raised that deserve encouragement to proceed further. Accordingly, this Court DENIES petitioner a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's objections to the magistrate judge's report and recommendation [doc. # 25] are **OVERRULED**;
2. The findings and conclusions of the magistrate judge presented in the report and recommendation [doc. # 19] are **ADOPTED** in their entirety;
3. Respondent's motion to dismiss the instant petition [doc. # 10] is **GRANTED**;
4. The instant petition is **DISMISSED** with prejudice as untimely; and
5. Petitioner is **DENIED** a certificate of appealability.

DATED: September 1, 2010

JOHN A. HOUSTON
United States District Judge